**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT STEWART, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:11-CV-02208-JAR |
| | ) | |
| PENNY MILBURN, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on state prisoner Robert Stewart's motion for appointment of counsel in his action pursuant to 28 U.S.C. § 2254.

There is no constitutional right to appointment of counsel in habeas corpus proceedings. See McClesky v. Zant, 499 U.S. 467, 494 (1991); Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994). In determining whether to appoint counsel, courts consider whether the petitioner has presented non-frivolous allegations supporting his prayer for relief, whether petitioner will benefit substantially from the appointment of counsel, whether there is a need to further investigate and present the facts related to petitioner's allegations, and whether the legal and factual issues presented by the action are complex. See Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990); Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

After considering Petitioner's motion in light of the relevant factors, the Court finds the facts and legal issues presented in the instant case are not so complex as to warrant the appointment of counsel at this time. In addition, the pleadings filed by Petitioner indicate he is capable of presenting the facts and legal issues without the assistance of counsel. Petitioner's motion will, therefore, be denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Appointment of Counsel is

**DENIED**.  [Doc. No. 4 ]

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

Dated this 5th day of January, 2012.