UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ROBERT STEWART, )
 )
Petitioner, )
 )
v. ) No. 4:11-cv-02208-JAR
 )
IAN WALLACE[1], )
 )
Respondent. )

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Robert Stewart's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Government responded (Doc. 12) and Petitioner replied (Doc. 24). For the following reasons, Petitioner's Section 2254 petition is **DENIED** and this action is **DISMISSED with prejudice.**

### I. Introduction and Background

On May 4, 2007, a jury found Petitioner guilty of one count of murder in the first degree (Count I), two counts of armed criminal action (Counts II & IV), and one count of assault in the first degree (Count III) (Ex. B at 66-69; Ex. C at 5). The trial court sentenced Petitioner to concurrent terms of life imprisonment without probation or parole (Count I), five years (Counts II & IV), and ten years (Count III) in the custody of the Missouri Department of Corrections (Ex B at 77-81; Ex. C at 5).

Petitioner filed a direct appeal raising two claims:

(1) The trial court clearly erred and abused its discretion in failing to grant a mistrial when the prosecutor told prospective jurors during voir dire that "[s]imply because

---

[1] Petitioner is currently incarcerated at Southeast Correctional Center ("SECC") in Charleston, Missouri (Doc. 1). Ian Wallace is the current Warden and proper party respondent. *See* 28 U.S.C. § 2254, Rule 2(a).

someone gets on the stand and says I did it in self-defense, that's not going to be the end of it"; and

(2) The trial court plainly erred, causing manifest injustice or a miscarriage of justice, in failing to include the paragraph on withdrawal in self-defense instruction number 12.

(Ex. C at 14-15). The Missouri Court of Appeals for the Eastern District, finding no error of law, affirmed the judgment (Ex. E).

On April 28, 2009, Petitioner filed a motion for post-conviction relief (Ex. G at 4-30). On September 9, 2009, with the assistance of counsel, Petitioner filed an Amended Motion (Ex. G at 38-66). Following an evidentiary hearing held on November 13, 2009 (Ex. F), the Circuit Court denied Petitioner's motion on February 24, 2010 (Ex. G at 70-80). On April 12, 2011, the Missouri Court of Appeals for the Eastern District affirmed the circuit court's denial of the motion (Ex. J).

On December 19, 2011, Petitioner filed the instant Section 2254 petition in which he raises the following eight grounds for relief:

(1) The Trial Court erred when it failed to declare a mistrial during voir dire when the prosecutor made a comment regarding defendant's right not to testify (Doc. 1 at 11-12);

(2) The Trial Court plainly erred when it failed to include a withdrawal instruction in the self-defense instruction (Doc. 1 at 12);

(3) Trial counsel rendered ineffective assistance of counsel by failing to interview, properly investigate, and subpoena material eyewitness, L.B. (Doc. 1 at 13);

(4) Trial counsel rendered ineffective assistance of counsel by failing to object at trial to instruction number 12, the self-defense instruction on the grounds that it failed to include the withdrawal paragraph (Doc. 1 at 13-14);

(5) Trial counsel rendered ineffective assistance of counsel by failing to submit an instruction on voluntary manslaughter (Doc. 1 at 14);

(6) The Motion Court erred in rejecting Petitioner's claim that trial counsel was ineffective for failing to investigate and call L.B. (Doc. 1 at 14);

(7) The Motion Court erred in rejecting Petitioner's claim that trial counsel was ineffective for failing to object to the lack of a withdrawal instruction (Doc. 1 at 14); and

(8) The Motion Court erred in rejecting Petitioner's claim that trial counsel was ineffective for failing to submit a jury instruction on voluntary manslaughter (Doc. 1 at 15).

## II. Analysis

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal courts may not grant habeas relief on a claim that has been decided on the merits in State court unless that adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "A state court's decision is contrary to . . . clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision . . . and nevertheless arrives at a [different] result." *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)). A State court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). A State court decision may be

- 3 -

considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 790-791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)). A State court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); *Wood v. Allen*, 558 U.S. 290, 293 (2010). Review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). Clear and convincing evidence that State court factual findings lack evidentiary support is required to grant habeas relief. 28 U.S.C. § 2254(e)(1); *Wood*, 558 U.S. at 293.

### A. Procedural Bar

A federal habeas court may not consider "a claim rejected by a state court if the decision of the state court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Walker v. Martin*, 131 S. Ct. 1120, 1127 (2011) (quotation omitted). The independent state law ground can be either a substantive rule or a procedural barrier. *Id.* A discretionary state procedural rule can serve as an adequate ground to bar habeas review when it is "firmly established" and "regularly followed." *Beard v. Kindler*, 558 U.S. 53, 60 (2009).

Petitioner's second ground is procedurally barred. The Missouri Court of Appeals for the Eastern District found that Petitioner failed to raise this issue in his motion for new trial (Ex. E at 7). Missouri Supreme Court Rule 30.20 gives appellate courts the discretionary power to review such unpreserved claims for plain error. The Appellate Court declined to review the ground for plain error, finding that, "There are no extraordinary circumstances in this case to justify reviewing this argument as a matter of plain error" (*Id.*). This Court is not at liberty to consider this claim unless Petitioner can demonstrate cause for the default. *Clark v. Bertsch*, No. 13-

3379, 2015 WL 1087160, at *3-4 (8th Cir. Mar. 13, 2015) (holding that *Hayes* governs in the Eighth Circuit and therefore "a federal habeas court cannot reach an otherwise unpreserved and procedurally defaulted claim merely because a reviewing state court analyzed that claim for plain error.") Petitioner has not provided any cause for his failure to comply with state procedural requirements. Therefore, Ground 2 is denied.

**B.     Ground 1: Comment During Voir Dire**

In Ground 1, Petitioner asserts that the trial court erred when it failed to declare a mistrial during voir dire when the prosecutor made a comment regarding defendant's right not to testify (Doc. 1 at 11-12). During voir dire, the prosecutor made the following statement:

> The first area I want to talk about is sometimes in cases involving a shooting the words self-defense come up in a case. I don't know if it's going to come up in this case. I'm just talking about in general. Sometimes the words come up in a trial. If a situation like that comes up, the Judge will then give you an instruction at the end of the case what is lawful self-defense. That instruction like the other ones we're talking about for murder first and armed criminal action all of those instructions go back to you to the jury room. You can look at it. All right.
>
> My only real concern is in those cases, when self-defense may creep into the case, that everyone here will not simply say, well, the word self-defense was uttered so I'm going to find that it's self-defense. Can everyone here promise that they will read the instruction and follow the law on when you can use lawful self-defense? **Simply because someone gets on the stand and says I did it in self-defense, that's not going to be the end of it.** You're going to look at the instruction and decide whether or not that person did, indeed, use lawful self-defense.

(Ex. A at 114-115) (emphasis added). Petitioner's counsel objected to the statements and moved for a mistrial (Ex. A at 115). The trial court denied counsel's request finding it was "an inartfully articulated question" but "obviously unintentional" (Ex. A at 116). Petitioner's counsel responded: "I do believe it was probably inadvertent. Just because someone asks it, inadvertently makes reference to a defendant's testimony inadvertently I don't think is a standard" (Ex. A at 116). Petitioner's counsel thereafter requested a limiting instruction but,

- 5 -

upon consideration, withdrew his request (Ex. A at 116-117).

The Fifth Amendment "forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt." *Griffin v. State of California*, 380 U.S. 609, 615 (1965). "To warrant a new trial on this ground, the defendant must demonstrate that a prosecutor's comment was both improper and prejudicial to the defendant's substantial rights." *United States v. Gardner*, 396 F.3d 987, 988 (8th Cir. 2005). "When the prosecutor has neither directly commented on the defendant's silence, nor demonstrated an intent to draw attention to that silence, the issue is whether the jury would *naturally and necessarily* understand the comments as highlighting the defendant's failure to testify." *Id.* at 989 (internal quotations omitted) (emphasis in original).

The Appellate Court's decision is not contrary to or an unreasonable application of federal law. Applying Missouri state case law that parallels the analysis above, the Appellate Court found that the prosecutor's statement was not a direct reference to petitioner's right not to testify and did not prejudice Petitioner (Ex. E at 4). Reviewing the prosecutor's comments in the context of his entire statement, the Court finds that the jury would not have naturally and necessarily understood the comments as highlighting defendant's right not to testify. *Gardner*, 396 F.3d at 989. The prosecutor explicitly noted that he was speaking about self-defense in general and more specifically about the self-defense instruction. Therefore, Ground 1 is denied.

### C. Ineffective Assistance of Counsel Claims

In order to state a claim of ineffective assistance of trial counsel, Petitioner must meet the *Strickland* standard: Petitioner must demonstrate that his counsel's performance was deficient and that he was prejudiced by that performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient representation means counsel's conduct fell below the conduct of a reasonably

competent attorney. *Id.* To establish prejudice, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Federal habeas review of a *Strickland* claim is highly deferential, because "[t]he question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether the determination was unreasonable — a substantially higher threshold." *Knowles v. Mirzayance*, 556 U.S. 111, 113 (2009) (internal quotations and citations omitted).

The Court will address Petitioner's claims in three groups, each dealing with the underlying ineffective assistance of counsel claim and the associated claim that the Motion Court erred in rejecting the respective ineffective assistance of counsel claim.

### 1. Testimony of L.B. (Grounds 3 & 6)

In Ground 3, Petitioner asserts that trial counsel rendered ineffective assistance of counsel by failing to interview, properly investigate, and subpoena material eyewitness, L.B. (Doc. 1 at 13). Petitioner similarly argues in Ground 6 that the Motion Court erred in rejecting Petitioner's claim that trial counsel was ineffective for failing to investigate and call L.B. (Doc. 1 at 14).

As discussed above, the Supreme Court holds that judicial scrutiny of counsel's performance must be highly deferential. *Strickland*, 466 U.S. at 688-89. "Decisions relating to witness selection are normally left to counsel's judgment, and this judgment will not be second-guessed by hindsight." *Hanes v. Dormire*, 240 F.3d 694, 698 (8th Cir. 2001) (citations omitted). Where some potential witnesses' testimony might have been helpful in rebutting or clarifying evidence, in order to establish a constitutional violation a habeas Petitioner must establish that the "proffered testimony was so important as to put counsel's failure to consult with or call [ ]

witnesses outside the wide range of strategic choices that counsel is afforded." *Id.* The decision whether to call witnesses . . . or introduce evidence may be a matter of trial strategy. *Hall v. Lubbers*, 296 F.3d 685, 697 (8th Cir. 2002); *Battle v. Delo*, 19 F.3d 1547, 1556 (8th Cir. 1994). "Strategic decisions made after thorough investigation of law and facts . . . are virtually unchallengeable, even if that decision later proves unwise." *Strickland*, 466 U.S. at 590 (internal quotations omitted).

Applying *Strickland*, the Motion Court determined that "[L.B.] would not have provided [Petitioner] with a viable defense and that [Petitioner] was not prejudiced by [counsel's] decision not to call her to testify" (Ex. G at 6). In so-doing, the Motion Court relied on the testimony of counsel at the evidentiary hearing and the record of the trial court proceedings. The Motion Court noted that although Petitioner asserted that L.B. would testify that one of the two victims, Mr. Dansler, had a gun, counsel testified that L.B. made a statement to police that she did not see the shooting and that she was high on drugs at the time. The Motion Court also questioned L.B.'s credibility, specifically her bias in favor of her boyfriend, the Petitioner, and her lie to the police about Petitioner's whereabouts when they came to her house to arrest Petitioner. The Motion Court additionally noted that at the Rule 29.07 examination, the court specifically asked Petitioner if counsel had presented all of the witnesses that Petitioner wanted counsel to present to which Petitioner responded yes. The Appellate Court determined that counsel's decision not to call L.B. was a reasonable trial strategy and therefore the Motion Court did not clearly err in denying this claim (Ex. J at 3-4) (citing *Boyd v. State*, 86 S.W.3d 153, 160 (Mo. App. E.D. 2002) ("Trial counsel's decision not to call a witness is presumed to be trial strategy unless clearly shown to be otherwise."))

The Missouri courts reasonably applied *Strickland*. Counsel's decision not to call L.B.

was a reasonable trial strategy given her potential bias and credibility issues. Accordingly, the Court finds that neither state court issued a decision that was contrary to federal law or an unreasonable application of federal law. Therefore, Grounds 3 and 6 are denied.

## 2. Failure to Object to Self Defense Instruction (Grounds 4 & 7)

Grounds 4 and 7 must also be addressed together. In Ground 4 Petitioner asserts that trial counsel rendered ineffective assistance of counsel by failing to object at trial to instruction number 12, the self-defense instruction, on the grounds that it failed to include the withdrawal paragraph (Doc. 1 at 13-14). Petitioner also argues in Ground 7 that the Motion Court erred in rejecting Petitioner's claim that trial counsel was ineffective for failing to object to the lack of a withdrawal paragraph (Doc. 1 at 14).

Again, the Court "does not 'second-guess' trial strategy or rely on the benefit of hindsight, . . . , and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective[.]" *Williams v. United States*, 452 F.3d 1009, 1013 (8th Cir. 2006) (citations omitted). The Motion Court determined that there was insufficient evidence to support inclusion of the withdrawal clause, and therefore counsel did not err in refusing to ask for that clause to be included in the instruction (Ex. G at 78). The Motion Court reviewed the trial court testimony of several witnesses, including Petitioner, and found that:

> [O]ne gets to the withdrawal clause only if we accept Ms. Moore's testimony that [Petitioner] was the initial aggressor and reject [Petitioner's] testimony to the contrary, if we accept Ms. Moore's testimony that [Petitioner] withdrew and ignore [Petitioner's] testimony that there was no aggression for him to withdraw from, and accept [Petitioner's] testimony that he shot in self-defense and ignore Ms. Moore's testimony that suggests otherwise. And we have no evidence of any kind that [Petitioner] *clearly* indicated a withdrawal to Mr. Dansler.

(Ex. G at 77) (emphasis in original).

The Motion Court further concluded, "Even if there was sufficient evidence to justify

using the withdrawal clause, [Petitioner] suffered no prejudice by the failure to do so" (*Id.*). The Motion Court specifically found:

> For a jury to have returned a verdict of not guilty on the assault charge because they believed that [Petitioner], though he was the initial aggressor, had withdrawn and then acted in self-defense, would have required that the jury reject central aspects of [Petitioner's] own account, which failed to depict him as an initial aggressor and failed to depict him as having withdrawn. It is highly improbable that a jury would have rejected [Petitioner's] account, and yet found him not guilty.

(Ex. G at 78). The Appellate Court determined that the Motion Court had not clearly erred in denying Petitioner's claim (Ex. J at 4-5).

The Missouri courts reasonably applied *Strickland*. Counsel's decision not to object at trial to instruction number 12, the self-defense instruction, on the grounds that it failed to include the withdrawal paragraph did not prejudice Petitioner given the conflicting accounts and issues with Petitioner's credibility. Accordingly, the Court finds that neither state court issued a decision that was contrary to federal law or an unreasonable application of federal law. Therefore, Grounds 4 and 7 are denied.

### 3. Failure to Submit an Instruction on Voluntary Manslaughter (Grounds 5 & 8)

Finally, Grounds 5 and 8 must be addressed together. In Ground 5, Petitioner asserts that trial counsel rendered ineffective assistance of counsel by failing to submit an instruction on voluntary manslaughter (Doc. 1 at 14). Petitioner correspondingly argues in Ground 8 that the Motion Court erred in rejecting Petitioner's claim that trial counsel was ineffective for failing to submit a jury instruction on voluntary manslaughter (Doc. 1 at 15).

The Motion Court concluded that counsel "cannot be condemned for failing to offer a voluntary manslaughter instruction" as there was no evidence of adequate cause (Ex. G at 78-79). The Motion Court further determined that Petitioner was not prejudiced by counsel's failure

to offer the instruction because the jury found Petitioner guilty of first-degree murder, which requires a finding of deliberation, a finding inconsistent with the sudden passion element of voluntary manslaughter (Ex. G at 79). The Appellate Court concluded that the Motion Court's decision was "not clearly erroneous as there is not reasonable probability the jury would have found differently had counsel offered an instruction for the lesser-included offense of voluntary manslaughter" (Ex. J at 6) (citing *State v. Rutter*, 93 S.W.3d 714, 731 (Mo. banc 2002) (finding that "[w]hen a jury is given the option to convict a defendant of first-degree and second degree murder, and opts to convict on first-degree murder, there is no reasonable basis to contend the jury would have found differently had voluntary manslaughter instructions been submitted")).

The Missouri courts reasonably applied *Strickland*. Counsel's decision not to submit an instruction on voluntary manslaughter did not prejudice Petitioner given the jury's decision to convict him of first-degree murder. Accordingly, the Court finds that neither state court issued a decision that was contrary to federal law or an unreasonable application of federal law. Therefore, Grounds 5 and 8 are denied.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Robert Stewart's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED.**

**FURTHER** the Court finds that, because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).

A judgment dismissing this case is filed herewith.

Dated this 26th day of March, 2015.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE